The opinion of the court was delivered by
Duscak, J.
The alleged defect in the declaration, in not setting forth notice of non-payment by the original debtor, Is cured by the verdict. That point was not made below; and we must noy/ take it for granted, that the notice was proved. The notice was not the consideration or gist of the action; and, after verdict, the court will presume every thing to have been done at the trial necessary to support the action, unless the contrary appears on record.
The action was founded on a guarantee of Sutton and M‘NicMe to the plaintiffs below, for the payment of certain cordage, to be furnished by them to one Hanshitt. Sutton and MHickle were not the original debtors; nor were the articles furnished to them on the account of the partnership, or any one of the partners.
This kind of assumption for the debt of another, should be made out by very clear proof. It is to be regretted that the provisions of the statute of frauds and perjuries, requiring a note in writing, where one man assumes the debt of another, had not been incorporated into our act of assembly.
The return by the associate judges, Riddle and M‘Clure, supplies the loss of the presiding judge’s notes. I consider it in the same view as if these gentlemen had made the return on a certio-rari directed to them, and as now forming a part of the record.
There is no doubt that MlNickle is bound, bat (he matter in controversy was, whether Sutton was; and the question put to the court, and on which their instruction was required, was, whether one partner could, in a transaction of this kind, bind the firm: and the opinion of the court was distinctly stated, that one partner, in a debt of this kind, can bind the firm without the knowledge of *15 the other; and that if the jury were satisfied that M‘Nickle made the assumption on the part of the firm, they should find for the plaintiffs.
This is a naked question, — not put to the jury, as a matter in any way contracted with reference to any business transacted by the firm; but as a broad principle, that one partner may in any transaction, to any amount, in any case bind the house.
The general rule, applicable as well to general as to special part* nerships, is this, — that in relation to their joint concerns, one of several partners may bind the rest; but he cannot enter into any engagement binding the firm, unconnected with and foreign to the partnership: and where a person deals with one of the partners, in a matter not within the scope of the partnership, the in-tendment of law is, that he deals with him on his private account, notwithstanding the partner may give the partnership name, unless there be some circumstances in the case to destroy that presumption. Livingston v. Roosevelt, 4 Johns. 251.
If a man gives a partnership engagement in the partnership name, with regard to a transaction not in its nature a partnership transaction. he who seeks the benefit of that engagement must be able to say, that though in its nature not a partnership transaction, yet there was some authority beyond the mere circumstance of partnership to enter into that'contract, so as to bind the partnership; and then it depends on the degree of evidence, as to such authority. Ex parte Parke, 6 Ves. jr. 604. In such case, previous authority or subsequent approbation must be shown. Ex parte Burrows, 8 Ves. jr. 540. But here the opinion is, that the very act, without the knowledge or privity of the other partner, alone binds him. The law is well settled, by a series of decisions, and it comports with all justice and reason that it should be so settled, that a guarantee by one partner in the partnership name, unless it is in the regular line of business, cannot bind the other partners; but if it be afterwards adopted and acted upon, it does bind them. 4 Esp. 208. 3 Campb. Nisi Prius, 209. And the act and assurance of one party, made with. neference to the business transacted by the firm, will bind all. 2 Barn. & Ald. 678. As the cause goes back for a new trial, it is proper that it should go without prejudice; and therefore I refrain from giving any opinion, how far any thing which took place before the arbitrators, amounted to a recognition on the part of Sutton. It is, however, proper to state, as a general principle, that in order to affect a party, the admission of liability should be explicit, and not by way of inference: the arbi-rators or by-standers, if called on to testify, should state substantially what the party did admit; for it is not sufficient to state the conclusion drawn by the witness.
Tilghman, C. J. was absent during the argument, and gaye no opinion.
Judgment reversed, and a venire facias de novo awarded.