## GEORGE HAMILL *against* ROBERT PURVIS.

Two partners having a judgment, one of the partners assigned it to a third person, and guaranteed the payment thereof. *Held:* That an action could not be supported against the firm, on such guaranty, without proof that both partners assented to the making of it ; or knowing it, did not dissent.

WRIT of error to the Common Pleas of Westmoreland county.

This was an action brought by *George Hamill* against *William Purvis* and *Robert Purvis: William* not being a resident of the county, the writ was served on *Robert* alone.

The plaintiff stated his cause of action to be, that on the 6th February, 1819, at Cumberland county, *William Purvis* and *Robert Purvis* obtained a judgment against *Thomas Coffey* and *John Coffey* for $756 65 debt, besides costs. That on the 17th June, 1819, the said *William* and *Robert*, by writing, by them duly executed, did, for value received, assign over their right and interest in that judgment to *George Hamill*, and did thereby guaranty the payment of the same. That Hamill endeavoured to recover the money from the Coffeys, but could not, as they were unable to pay—that *Purvis* therefore became liable to pay, &c.

The plaintiff, to support his right of action, offered in evidence a number of depositions, the substance of the evidence contained in all which was this:

*William Purvis* and *Robert Purvis* owned a farm and distillery in Cumberland county: they were in partnership ; *William* was the farmer, and *Robert* the distiller. They sold their property to *Thomas* and *John Coffey*, and subsequently obtained a judgment against them, on the docket of a justice of the peace, for $756 65. This judgment was assigned to *George Hamill*, the plaintiff, by *Robert Purvis*, by the following indorsement made upon the back of the transcript of the said judgment, which was filed in the prothonotary's office, for the purpose of creating a lien upon the real estate of the defendants, *Thomas* and *John Coffey.*

"I do, for value received, assign over all our right and interest of the within judgment to *Geo. Hamill*, or assigns, and guarantee the payment. June 17, 1819." .

"*Wm. &amp; Rob't. Purvis.*"

(George Hamill *v.* Robert Purvis.)

In consequence of the inability of *Thomas* and *John Coffey,* the judgment could not be collected from them.

This evidence was objected to by the defendant, on the ground, that if true, it did not entitle the plaintiff to recover ; no authority having been shown by *William* to *Robert Purvis* to execute such a guaranty, which was not in the course of partnership business.

The Court *( Young, President,)* being of this opinion, the evidence was rejected, and a bill of exceptions sealed.

*J. B. Alexander* for plaintiff in error.

The question is, whether one partner, on transferring a judgment, which the partnership held against a person, can guaranty the payment of that judgment.

The rule is, that over the partnership effects each partner has equal authority with all the partners, in the usual course of business. *Chit. on bills,* 41. The benefit of a guaranty will run along with the interest in a bond, to whomsoever it may be transferred. *Reed* v. *Garvin,* 12 *Serg. & Rawle,* 100 ; which seems to establish the doctrine, that the effect is the same, as that of an indorsement on a bill or promissory note. An agreement by one partner, to refer the partnership accounts, is binding on his copartner. *Taylor* v. *Coryell,* 12 *Serg. & Rawle,* 248. One partner may enter into a composition for a debt due the firm, and may release it. *Bruen* v. *Marquand,* 17 *Johns. R.* 62. One partner may seal a bond for the other. *Mackay* v. *Bloodgood,* 9 *Johns. R.* 286. One may execute, under seal, a bill of sale for the other. *Ball* v. *Dunsterville,* 4 *Dun. & East.* 313. In a partnership between a conveyancer and scrivener, one was held accountable for the receipt of the other of money to be loaned on mortgage. *Willett* v. *Chambers, Cowper,* 814. One partner may guaranty for the debt of a third person, in the name of the firm. *Ex parte Gardom* 15, *Vez.* 286.

An indorsement in the name of the firm, by one of the partners, is good, and ought to be declared on in the name of the firm. *Manhattan & Co.* v. *Ledyard,* 1 *Caines,* 192. If one of the partners sign in the name of the firm, the presumption is, that such is the name of the firm, and that it was a partnership transaction. *Drake* v. *Elwyn,* 1 *Caines,* 184. The act of one partner shall be presumed to be the act of the other, unless he shows a disclaimer or refusal to be concerned. *Salk.* 292. 4 *Ba. Ab.* 607. *Notes to Green* v. *Beals.* 2 *Caines,* 255. In every thing which relates to their partnership dealings, one partner is the agent of the other. *Gerard* v. *Basse,* 1 *Dall.* 119. See also *Tyson* v.

(George Hamill *v.* Robert Purvis.)

*Pollock*, 1 *Penn. Rep.* 375.   And that there may be a partner-ship in buying and selling land *Campbell* v. *Colhoun*, 1 *Penn. Rep.* 140.

This was a partnership transaction, so far as all the circum-ces attending it being a joint concern, could make it such.

*Armstrong* and *A. W. Foster* for defendant in error.

The defendants may have been partners in the business of dis-tilling and farming, but the sale of their farm was necessarily a dissolution of partnership.   The assignment of this judgment and guaranty was not the business of the partnership, and therefore it is not binding on the firm.   *Sutton* v. *Irvin*, 12 *Serg. & Rawle*, 13.

*Alexander* in reply.   Cited *Fell* on *guaranty*, 103, 149, 151.

The opinion of the Court was delivered by

SMITH, J.—There was no proof offered, to show that *Robert Purvis* had any authority from *William Purvis* to sign the part-nership name to the guaranty in question, nor any evidence to show a subsequent recognition of the same by *William Purvis.* In *Sutton* and *McNickle* v. *Irwin* and another, 12 *Serg. & Rawle*, 15, the rule applicable to partnerships, is said to be, that in relation to their joint concerns, one of the partners may bind the other.   His authority, to the other partner, however, has its limitation, and he cannot enter into any engagement to bind the firm, which is unconnected with the partnership; for the law will intend, that when one deals with a partner, in a matter not within the compass of the partnership, he does this, in his private and individual capacity.   Indeed, an engagement by one partner, to bind the partnership credit, in a transaction unconnect-ed with, and not fairly and reasonably within, the scope of the partnership, is, as to the other partner, fraudulent and void.

Nor does it appear, in the case before us, that it was usual for *William* and *Robert Purvis*, in the course of their business, to give such guaranties.   The true criterion, whether the act of one partner makes the other responsible, seems to be, whether the act was or was not done according to the usual course of busi-ness.   1 *Salk.* 126, 292.   As then the plaintiff did not prove, nor offer to prove the assent, or authority, or recognition of *William Purvis*, that *Robert Purvis* should sign the partnership name or firm to the guaranty, which it was incumbent on him to prove ; nor that it was in the usual course of their business, *Rob-ert* could not bind his partner *William;* so that the evidence, in our opinion, as offered, would not have been made out, or did

not make out, the plaintiff's case, it was therefore correctly rejected.

Huston, J.—Dissented.

Judgment affirmed.